QUESTION: Is an impression made by means of a rubber "expiration stamp" of the type customarily furnished to notaries public by their surety companies sufficient to satisfy the requirement of s. 117.07(2), F.S., that a notary seal be affixed to all documents notarized?
SUMMARY: A rubber stamp impression made by means of an "expiration stamp" of the type customarily furnished to notaries public by their surety companies appears to be insufficient to satisfy the present requirements of s. 117.07(2), F.S., respecting the affixing of a notary seal to all documents notarized. On and after January 1, 1976 (the effective date of Ch. 75-161), s. 117.07(2), F.S., will be amended to require that a notary seal "also include the name of the notary public, be round in shape and separate from the expiration stamp." On January 1, 1976, the effective date of Ch. 75-161, Laws of Florida, s. 117.07(2), F.S., will be amended to read as follows: (2) A notary seal shall be affixed to all documents notarized, which may be of the rubber stamp or impression type and shall include the words "Notary Public — State of Florida at Large." The seal must also include the name of the notary public, be round in shape and separate from the expiration stamp. (Emphasis supplied.) It is clear from the language italicized above that, following the effective date of Ch. 76-161, an impression made by an "expiration stamp" will be insufficient to comply with the statutory requirements respecting the affixing of a notary seal. With respect to the requirements of the existing statute — which will remain in effect through December 31, 1975 — it should first be noted that s. 117.07, F.S., presently reads in its entirety: (1) Every notary public in the state shall add to his official signature to any certificate of acknowledgment made before him a statement of the time of the expiration of his commission as notary public in words and figures as follows: "My commission expires !mLN!x" (Herein insert the date when the commission expires.) (2) A notary seal shall be affixed to all documents notarized, which may be of the rubber stamp or impression type and shall include the words "Notary Public — State of Florida at Large." The seal may also include the name of the notary public. Reading both subsections of the statute together, they appear to contemplate two separate and distinct acts on the part of the notary for two separate and distinct purposes. Subsection (1) requires a statement of the date of the expiration of the notary's commission for the obvious purpose of showing without resort to other evidence that such commission is in effect at the time of the notarization. It should also be noted that subsection (1) merely requires a "statement" of the expiration date in words and figures as specified therein. There is no provision which specifies the manner of affixing such statement and, although it may be made by a rubber stamp impression, it may also be typewritten or handwritten. Subsection (2) of s. 117.07, F.S., requires that a "notary seal" be affixed to all documents notarized. The purpose of such a seal was stated in AGO 074-386: The seal of the office, which a notary affixes to any notarized document, authenticates the instrument to which it is duly affixed or impressed for the purpose for which it is intended to be used and gives it the force of evidence. The expiration stamps about which you inquire are customarily of the rubber stamp type and usually contain the following words and figures: NOTARY PUBLIC — STATE OF FLORIDA AT LARGE My Commission Expires: [date certain] Bonded through [name of surety company] An impression made by such a stamp — containing as it does the words and figures required by subsection (1) of s. 117.07, F.S. — is obviously sufficient to comply with the requirement that a notary public add to his official signature a statement of the time of expiration of his commission. The question of the use of such a rubber expiration stamp to comply with the requirements of subsection (2) of s. 117.07, F.S., is not so easily resolved. Such stamps are clearly designed for the purpose of complying with the requirements of subsection (1), supra. However, notwithstanding the fact that such stamps also contain the statutory language "Notary Public — State of Florida at Large" required by subsection (2), I have considerable doubt that an impression made by such an "expiration stamp" would be sufficient to meet the requirements of a notarial seal. Although it is true that the statute requires no more than that the seal be of the rubber stamp or impression type and include the language recited in the statute, consideration must also be given to custom and usage. Cf. AGO 072-187. In this state it appears to have been the customary practice for many years for notarial seals to be of a generally round or oval shape with a definite border, to have written within the perimeter of the border at least the statutorily required language and the word "seal," and, frequently, in addition thereto, the name of the notary. While these specific details are not required by statute, their presence manifests clearly that an impression so made is intended by the notary public to serve as his seal. However, if a notary public were to make an impression with an expiration stamp intending that such stamp serve as his seal, the fact that such was his intent would not be clear from an examination of the instrument notarized for at least two reasons: First, the expiration stamp, when used, is customarily used to fulfill the requirements of subsection (1) of s. 117.07, F.S., and, second, notary seals are customarily of a form such as described above. For these two reasons, a court which was without the benefit of extrinsic evidence of the notary's intent might well conclude that a document signed by a notary and stamped only with an expiration stamp was insufficient by reason of the absence of the seal required by s. 117.07(2), F.S. For the foregoing reasons, I am of the view that the expiration stamp about which you inquire should be regarded as insufficient to satisfy the present requirements of s. 117.07(2).